UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| JARROD JOHNSON, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV416-263 |
| | ) | CR413-065 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

Jarrod Johnson moves this Court to "Modify and Correct [his] Sentence Pursuant to [FED. R. CRIM. P. 36]." CV416-263, doc. 4.[1] Rule 36 allows a court to "correct a clerical error in a judgment." FED. R.

---

[1] Although no response to Johnson's motion to modify his sentence has been filed, it is ripe for adjudication. Johnson seeks relief under Federal Rule of Criminal Procedure 36. *See* doc. 4 at 1 (stating that motion is brought "[p]ursuant to F.R.C.P. [sic] 36"), 6 (requesting Clerk to "[p]lease note the pleading is filed under F.R.C.P. 36"). Rule 36 allows the court to act "at any time," "[a]fter giving any notice it considers appropriate." FED. R. CRIM. P. 36. "[T]he Rule, by its own terms, *does not require the giving of notice* . . . ." *Marmolejos v. United States*, 789 F.3d 66, 71 (2d Cir. 2015) (emphasis added).

Even if, as discussed below, Johnson's motion is construed as a 28 U.S.C. § 2241 petition, the Court must screen it prior to requiring a response. *See Stewart v. Ga. Bd. Of Pardons & Parole*, 2008 WL 4816677 at * 1 n. 1 (N.D. Ga. Oct. 6, 2008) (explaining requirement of preliminary review of petitions under § 2241). Immediate disposition is, therefore, appropriate.

CRIM. P. 36. Johnson wants the Court to modify his sentence to credit the time that he served between his arrest and his sentencing.² Doc. 4 at 5. However, "[a] claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36." *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989); *see also United States v. Schery*, 323 F. App'x 767, 768 (11th Cir. 2009) (district court lacked jurisdiction under Rule 36 where defendant "seeks a substantive change to his sentence, absent an unambiguous oral directive at sentencing"). Johnson therefore cannot use Rule 36.

"[T]he court has an obligation to look behind the label of a motion filed by a *pro* se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Schery*, 323 F. App'x at 769 (quotes and cite omitted). Johnson previously moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. CR413-065 Doc. 185. There he raised the same issue he raises here -- that he

---

² In addition to requesting that the Court "correct" his sentence, under FED. R. CRIM. P. 36, Johnson alternatively moves the Court to "modify the sentence to 45 months to begin on the original sentencing date." Doc 4 at 5. The Court may not modify a sentence of imprisonment once it has been imposed, except under limited circumstances not applicable here. *See* 18 U.S.C. §3582(c). The Eleventh Circuit has stated that "district courts lack 'inherent authority' to modify a sentence," and can only do so "via (1) Rule 35, or (2) the express statutory authority conferred by 28 U.S.C. § 2255." *United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009) (quoting and citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002)). The Court therefore may not modify Johnson's sentence.

2

has not been properly credited for time served between his arrest and guilty plea. *Compare* CR413-065 Doc. 185 at 4, *and* CR413-065 Doc. 193 at 1, *with* Doc 4 at 5. This Court explained that he must invoke § 2241 to challenge the execution of his sentence, including credit for time served. *See* CR413-065 doc. 197 at 3, *adopted,* doc. 199. But a § 2241 petition must be filed in the district of confinement. CR413-065 doc. 197 at 3-4 (citing 28 U.S.C. § 2241(a); *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011)). The Court denied Johnson's motion because he was confined in another district. *Id.* at 5.

The instant motion is just a re-run of that motion, *compare* CR413-065 doc. 197 at 2, *with* doc. 4 at 3-5, so, even construing it under § 2241, it must be **DISMISSED WITHOUT PREJUDICE** and filed in Kentucky (doc. 4 at 5, 7; doc. 5 at 1) where he is confined.[3] *See Pruitt*, 417 F. app'x at 904 ("[A] petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (quotes and cite omitted).

Johnson, by the way, has asserted virtually identical facts in a petition for habeas corpus filed under 28 U.S.C. § 2241 in the U.S.

---

[3] Finding him indigent, the Court **GRANTS** his IFP motion. Doc. 5.

3

District Court for the Eastern District of Kentucky on May 22, 2015. *See Johnson v. Sepanek*, No. 7:15-cv-00043-ART, Doc. 1 (E.D. Ky May 22, 2015). That Court considered the merits of his petition, and denied it. *See Johnson v. Sepanek*, No. 7:15-cv-00043-ART, Doc. 3 (E.D. Ky. May 22, 2015). He thus made sanctions-fetching repetitive filings here. *See Smith v. Fl. Dept. of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing *in forma pauperis* petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases, or from litigating in state courts), *applied* to enjoin further habeas relitigation in *Harris v. St. Lawrence*, 2010 WL 4279534 at * 2 (S.D. Ga. Sep. 20, 2010), *adopted*, 2010 WL 4279524 (S.D. Ga. Oct. 25, 2010); *see also Miller v. Williams*, CV411-065 doc. 5, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (sanctioning abusive habeas filer, and citing, *inter alia, Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997) (imposing, inter alia, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings)), *adopted*, docs. 9 & 10

4

(S.D. Ga. Jun. 2, 2011). The undersigned will recommend sanctions if Johnson persists.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written Fed. R. Civ. P. 72(b)(2) Objections to this R&R and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the Rule 72(b)(2) Objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that their failure to timely file Objections will result in the waiver of certain rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA